## Burke, Appellant, *v.* Pennsylvania Coal Co.

*Negligence—Mines and mining—Employee sanding tracks—Injuries by motors—Nonsuit.*

In an action against a mining company to recover damages for personal injuries sustained by plaintiff, an employee in defendant's mine, a nonsuit was properly entered where it appeared that plaintiff's duties were to sprag and couple cars and to sand the tracks; that he had been engaged in such employment for more than six months; that at the time of the accident he dismounted from the car and ran ahead in order to sand the track when he fell and his foot was caught between the motor and the floor of the gangway, and was so crushed that amputation was necessary; and there was no evidence to show that the motor was not of the ordinary and usual kind used in coal mines, or what the space between the motor and floor was, or that its insufficiency caused the accident, or that there was any obstruction in the floor of the gangway other than ordinary inequality of surface common to all mines.

Argued April 15, 1914. Appeal, No. 136, Jan. T., 1914, by plaintiff, from order of C. P. Luzerne Co., Oct. T., 1911, No. 929, refusing to take off nonsuit in case of John Burke, by his father, and the latter in his own right, v. The Pennsylvania Coal Company. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts appear in the following opinion of FULLER, ·P. J., sur plaintiff's motion to take off nonsuit.

The minor plaintiff, on December 6th, 1910, while employed in defendant's coal mine as a motor-brakeman, with the duty of spragging cars, coupling cars and sanding the track, had his foot crushed by being caught between the motor and the floor of the gangway.

He describes the accident thus: "We were coming out with the first trip in the morning to the slope, and before coming to this certain point it was my duty to get off, run ahead and sand the road, and while doing so I fell and my foot got caught between the motor and the side and crushed my foot so hard that it had to be amputated."

By "the side" he did not mean of course the rib or side of the gangway, but the floor thereof alongside of the track.

This injury he claims was caused by the defendant's negligence in respect to (1) insufficiency of space between that portion of the motor projecting beyond the rail and the roadbed; (2) insufficiency of space between the rib or side of the gangway and the rail; (3) failure to keep the passageway between the rib and the rail free from obstruction.

He was nineteen years and four months of age, and had been engaged in the same employment for upwards of six months, going in and out through the gangway in the performance of his duty about ten times a day, and was therefore thoroughly familiar with the work which he had to do as well as with all the physical conditions surrounding its performance.

It would seem that at the place of the accident the floor of the gangway was slightly elevated above the rail, thus making it possible for his foot to be caught by the motor when he fell in running ahead, as he testified, to sand the rail.

His contributory negligence was patent, but this would have been a question of fact for the jury, and the nonsuit was only entered on the ground of failure to establish defendant's negligence.

Referring to the points aforesaid upon which negligence is predicated, we held upon the trial, and we still hold, (1) that the first point was not sustained by any evidence to show that the motor was not of the ordinary and usual kind used in coal mines for the purpose, (2) on the second point there was an entire absence of evidence to show what the space was or that its insufficiency occasioned the accident, (3) on the third point there was no evidence of any obstruction, properly speaking, nor of anything in the floor of the gangway more than an ordinary inequality of surface, common in all mines, according to the testimony of plaintiff's witness.

We held then, and we hold now, that the accident was not such as the employer in the exercise of legal care should have anticipated, and futhermore that the plaintiff having been employed at the same place in the same work for upwards of six months, passing the place over and over again and being of mature age, must be held to have assumed the risk.

Upon a careful examination of the trial record we fail to find any warrant for the submission of the case to a jury or for setting aside the nonsuit.

Accordingly the motion is denied.

The trial judge entered a nonsuit which the court subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*M. J. Mulhall,* for appellants.

*John McGahren,* with him *Warren, Knapp, O'Malley and Hill,* for appellees.

PER CURIAM, May 22, 1914:

The judgment is affirmed on the opinion of Judge FULLER dismissing the motion to take off the nonsuit.